## VACCHIANO v STATE

Ohio Appeals, 6th Dist, Lucas Co

No 2845. Decided Oct 3, 1933

Dan H. McCullough, Toledo, and Eugene Howard, Toledo, for plaintiff in error.

Frazier Reams, Prosecuting Attorney, Toledo, Joel S. Rhinefort, Toledo, and Arnold F. Bunge, Assistant Prosecuting Attorneys, Toledo, for defendant in error.

WASHBURN, FUNK and STEVENS, JJ, (9th Dist) sitting.

## OPINION

By STEVENS, J.

With reference to the first assignment of error, it appears that one Eugene Howard, of the firm of McCullough & Howard, was retained as counsel for plaintiff in error, and that at all of the times complained of was a member of the Toledo Bar, duly qualified to practice law, and that he appeared in conjunction with his partner, Mr. McCullough, at all of the preliminary proceedings prior to the trial of said cause as counsel for plaintiff in error. It further appears that one Walter Connors, an attorney at law of Dayton, Ohio, appeared as counsel for plaintiff in error. It is urged that by reason of the fact that Mr. Howard was inexperienced in the trial of criminal matters and that Mr. McCullough had not been retained in the defense of said case, the court erred in requiring Mr. McCullough to proceed and assume the burden of the defense of said cause.

The record discloses that the plaintiff in error was arraigned in May, 1933; that Messrs. Howard & McCullough were present and represented the plaintiff in error, and that the day of trial was then set for June 12th; and that sometime between the arraignment and June 12th, counsel for plaintiff in error had some talk with the trial judge in reference to the appointment of counsel to defend plaintiff in error. What occurred at that time is not shown in the bill of exceptions, but there is a general reference to it in some of the later proceedings.

The record further discloses that before June 12th, said attorneys represented the plaintiff in error in an application for the allowance of funds to pay an expert to

assist in the preparation of the defense, and that application was granted by the court; and it further appears that on June 12th, the day set for trial, a motion was filed by the plaintiff in error formally asking the court to appoint counsel to defend him, and for a continuance of the case.

The time of day of the filing of such application does not appear, but no reference to the matter is made in the proceedings until both parties had announced that they were satisfied with the twelve jurors who were in the box, and at that time, not in the presence of the jurors, statements were made by both counsel for the state and for the defense and by the trial judge, in reference to what had theretofore occurred, and at the conclusion the court formally denied said motion for the appointment of counsel and for a continuance of the case, and an exception was noted to said ruling; but nowhere in the record do we find any specific order requiring McCullough to proceed with the defense or be punished as for contempt, as was claimed by counsel for plaintiff in error in argument.

We think the record fairly discloses that the firm of McCullough & Howard appeared as counsel of record, and that it was within the province of the trial court to require either or both of the members of said firm to continue with the defense of the case, and that the court was not guilty of any abuse of discretion in refusing a continuance and in refusing to appoint counsel to defend, and we find no prejudicial error in the first ground of error assigned by the plaintiff in error.

The second assignment of error we do not find to be borne out by the record, for at no place therein do we find any inhibition against counsel for plaintiff in error making a proper opening statement. We find only a requirement upon the part of the trial court that counsel for plaintiff in error confine themselves with reference to their opening statement within the limits prescribed by the court, and we find such limits to have been entirely proper.

We have carefully considered the claimed errors with reference to the admission of evidence, and we find no prejudicial error therein.

The fourth assignment of error charges the court with misconduct by reason of a rebuke administered to defense counsel, claimed to have been administered by the court in the presence and hearing of the jury. We do not find that counsel's claim that they were rebuked in the presence and hearing of the jury is borne out by the

record, and from all that appears in the record we do not find any prejudicial error in reference to said matter.

The fifth assignment of error has to do with errors of law in the charge of the trial court.

We have carefully examined the parts of the charge of which complaint is made, in connection with the charge in its entirety, and it is the opinion of this court that said charge, when considered as a whole, is free from prejudicial error.

The sixth assignment of error presents the contention that the court erred in refusing to grant a second rehearing upon the motion for a new trial.

The record discloses the filing of a motion for a new trial within the statutory period, and thereafter the overruling of said motion; the filing of an application for a rehearing of said motion for a new trial, and a full and complete hearing under said application for a rehearing, on the question of the qualifications of the juror Grace Schnetzler, and an adherence to the court's former conclusion with reference to said motion for a new trial—namely, an overruling of the motion for a new trial upon rehearing. The record discloses further the filing of a second application for a rehearing, and the refusal of the court to permit the introduction of the testimony that was offered thereunder. It is claimed that the refusal of the court to permit the introduction of further testimony under the second application for a rehearing constitutes error prejudicial to the plaintiff in error.

With that conclusion this court cannot agree. The trial court permitted counsel for plaintiff in error to introduce testimony in support of said first application for a rehearing, at which time the qualifications of said juror were exhaustively inquired into; whereupon the court decided that said juror was qualified to sit as a juror in said cause. It was incumbent upon counsel for plaintiff in error at that time to introduce all of the evidence obtainable by the exercise of due diligence in support of the contention made by them. The testimony proffered on the second application for a rehearing was to the effect that the husband of the juror was a resident of an adjoining county because he had voted in that county; and while the residence of the husband had an indirect bearing upon the qualifications of said juror, said husband's residence was the subject of testimony offered at the first rehearing and the circumstances were such as to justify the conclusion that before the first rehearing coun-

sel for plaintiff in error did not use due diligence to discover evidence bearing upon the residence of the husband.

It is not the understanding of this court that a trial court is required, under penalty of being said to have abused its discretion, to grant ad infinitum, applications for rehearings upon motions for new trials. It is stated in 14 Encyc. of Practice and Procedure, under the subject of "New Trial", subdivision XVIII at p. 947, entitled "Renewal of Motion—Second Motion", as follows:

"After a motion for a new trial has been absolutely denied, a second motion for a new trial upon substantially the same grounds will not be considered."

Upon the record as presented at the first application for a rehearing, we are of the opinion that the trial court was justified in reaching the conclusion that it did reach with reference to the qualifications of said juror, and we are clearly of the opinion that such conclusion is not manifestly against the weight of the evidence if the evidence proffered on the application for the second rehearing had been introduced at the first rehearing. We find no prejudicial error in the court's refusing to admit the testimony proffered on the second application for a rehearing nor in its overruling of the motion for new trial.

The fact that Mrs. Schnetzler voted in 1932 in an adjoining county, is not conclusive on the question of her residence. It is apparent that the trial court found either that she re-established her residence in Lucas County after so voting, or that she voted illegally in the adjoining county while she was temporarily in said county on a visit; and in either event the finding of the court is not manifestly against the weight of the evidence.

We have considered all the errors complained of and we believe that the evidence disclosed by the record fully warrants the conclusion reached by the jury as evidenced by its verdict, and that the punishment to be meted out to the defendant is entirely deserved. It is the opinion of this court that cases of this character should be expeditiously heard and promptly disposed of, and we have followed that course in this case so as to give counsel for plaintiff in error ample time before the day set for the execution, to apply to the Supreme Court for a stay of execution, if they so desire.

Judgment affirmed.

WASHBURN, PJ, and FUNK, J, concur in judgment.